# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed April 8, 1897.

MICHELINA VISHNESK
VS.
KAZIMER JAKOBOWSKI.

*Bernard A. Schmitz* and *Fred'k C. Cook* for exceptant.

*Louis B. Bernei* for ratification of account.

STOCKBRIDGE, J.—

This case comes before the Court at this time upon exceptions which have been filed to the auditor's accounts A and B, the one being stated by the auditor in accordance with his view of the law, and the other at the request of counsel for Andreas Rachuba, a claimant and creditor of Jakobowski.

Exception is taken upon the part of Mr. Rachuba to the allowance of a counsel fee of $75. With reference to this exception, it is sufficient to say that after a careful examination of the papers in the case, the Court is of opinion that such counsel fee was a moderate and reasonable charge for the service rendered, and therefore the exception with regard thereto will be overruled.

So much of the exceptions filed on behalf of the plaintiff as relate to the allowance of $408.78 to the First Polish American Building Assn. of Baltimore City for its mortgage claim, will also be overruled, the said claim appearing to the Court to be sufficiently established by proof.

The real contest in this case is a question as to the relative priorities of the claims of Vishnesk Jakobowski, and arises as follows: On the 6th day of February, 1896, Lena Vishnesk instituted in the Superior Court of Baltimore City an attachment on original process against Kazimer Jakobowski, and thereupon attached the interest of the defendant in certain specified property, the paper-title to said property having been, on the 18th of April, 1895, transferred by the said Jakobowski to a certain Sophia Cipienski. Twelve days after the institution of the attachment suit, to wit, the 18th day of February, 1896, Mrs. Vishnesk filed her bill in this Court to have the deed from Jakobowski to Cipienski set aside as fraudulent, and subsequently before final decree so setting aside the deed, the bill was by amendment made a general creditor's bill, and thereafter the deed was set aside. On the 30th

day of November, 1896, a judgment by default having been previously taken in the attachment suit, that judgment was extended in the Superior Court of Baltimore City. While these proceedings had been going on, the claimant Rachuba, who was also a creditor of Jakobowski, had, by suit in a Court of law under the act, obtained on the 27th day of May, 1896, a judgment for the sum of $266.28, and this judgment so obtained is now urged upon his part is by reason of its rendition prior to any judgment in the attachment proceeding, and from certain irregularities in that proceeding, entitled to be given a priority over the Vishnesk judgment claim.

Much stress was laid in the argument upon certain supposed irregularities in the attachment proceeding, because of which this Court ought to subject it to the priority of the Rachuba claim.

It is perfectly true as was argued that the proceeding by way of attachment being purely a statutory proceeding is one which will be strictly construed, and the Court having jurisdiction of the case will, unless the statutory requirements are fully complied with, either refuse to enter up a judgment at all, or if one has been rendered improperly will upon motion in due form set it aside. It would also be within the province of a Court of Equity where such judgment had been improperly rendered, upon a bill filed for that purpose to restrain the making of a sale of the property levied upon in such defective proceedings, but such defects to be availed of must be acted upon either in the case in which they have occurred or in a direct proceeding for that purpose, and a Court of Equity will not in a collateral proceeding review and set aside a judgment of condemnation in a Court of law in an attachment proceeding.

No case has been cited by counsel, and it is not believed that one can be found, where judgment of condemnation has been rendered inoperative for defects of procedure by an attack in a collateral proceeding.

When the attachment was sued out on the 6th of February by Mrs. Vishnesk and levied upon the interest of Jakobowski in the given piece of property she thereby acquired an inchoate lien upon the interest so attached in the property.

Morton vs. Grafflin, 68 Md. 564.

Which inchoate lien upon the entry of the judgment of condemnation became an absolute lien and reverted back to and as of the time of the original laying of the attachment.

Cockey vs. Milne's Lessee, 16 Md. 200.

This being the case it must follow that although the judgment rendered in favor of the claimant Rachuba was recovered as a judgment in personam some six months prior to any judgment whatever in the attachment suit, yet when that judgment was rendered and related back it made that which had been an inchoate lien upon the interest in the specific property, a perfected one as of the time when it first attached in its inchoate form; and the judgment of the plaintiff, Vishnesk, acquired a priority over that of Rachuba, unless for some other reason such right was forfeited.

A suggestion was made by the Court to counsel during the argument as to whether or not the plaintiff had not by the filing of the bill in this case subsequent to the attachment proceedings exercised an election which might estop him from claiming anything further than a judgment in personam as of the 30th of November, and briefs have been filed upon each side upon this point. Mature reflection, however, has led to the conclusion that even if when the said bill was filed the plaintiff might have been required to elect under proper application, such application would now come too late. The present proceeding was not in the true sense one ancillary to the attachment case; neither was its object and purpose identical; nor did it ask for relief as incidental merely to the case at law, but it sought a separate and independent relief, to wit, the setting aside of the deed to Cipienski. While it is clear from all the cases, that if the two suits had been *ad idem.* the plaintiff could have been required to make an election, the present cases are not *ad idem*, and even if an election might have nevertheless been required, no seasonable demand having been made, therefor it could not now be entertained.

Holding these views, the exceptions to the auditor's account "B" will be overruled, and auditor's account "A" will be ratified.